```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JOSE ROMAN,

       Petitioner,                   **No. 10-CV-6411(MAT)**

    -vs-                                **DECISION AND ORDER**

JOSEPH McCOY, Superintendent,
Cayuga Correctional Facility,

       Respondent.

## I. Background

Petitioner Jose Roman ("Roman" or "Petitioner"), represented by pro bono counsel, has filed a pleading captioned as a Motion for Reconsideration (Dkt #33) of the judgment (Dkt ## 31 & 32) of this Court dismissing his petition for a writ of habeas corpus and denying a certificate of appealability ("COA"). Respondent submitted a pleading captioned "Intervenor's Affirmation in Opposition to Petitioner's Motion for Rehearing and Reargument" (Dkt #36).[1]

## II. Discussion

### A. Jurisdiction

The Court first must address whether it retains jurisdiction over Petitioner's Motion for Reconsideration, since Petitioner has filed a Notice of Appeal to the United States Court of Appeals for

---

[1] It is unclear why Respondent has titled the pleading in this manner as Respondent is not an intervenor in this action, and Petitioner is not seeking rehearing or reargument.

the Second Circuit. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam), superseded on other grounds by FED. R. APP. P. 4(a)(4)(B). However, when a party files a motion pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 60 or 59 within twenty-eight (28) days after entry of final judgment, and before filing a notice of appeal, the district court retains jurisdiction to decide the motion. De La Rosa v. Rocco, No. 07 Civ. 7577(PKC)(KNF), 2011 WL 2421283, at *1 (S.D.N.Y. June 8, 2011) (citing De Oliveira v. Bessemer Trust Co., N.A., 2010 WL 2541230, at *1 (S.D.N.Y. June 14, 2010); FED. R. APP. P. 4(a)(4)(B)(I)).

Here, Roman filed his Notice of Appeal and Motion for Reconsideration on the same day. However, CM/ECF (the Court's electronic filing system) reveals that the Motion for Reconsideration was docketed prior to the Notice of Appeal. Therefore, the Court concludes that there is no jurisdictional bar to its consideration of Petitioner's motion.

While the Motion for Consideration was pending, the Second Circuit Court of Appeals denied Petitioner's request for a COA and dismissed the appeal. Although this event arguably moots Petitioner's Motion for Reconsideration, in the interests of

fairness and completeness, this Court will consider the merits of Petitioner's reconsideration motion.

**B.   Whether the Motion is Brought Under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure**

Although he captioned his pleading as a "Motion for Reconsideration," Petitioner did not identify the applicable Federal Rule of Civil Procedure under which he seeks relief. Motions for reconsideration may be brought pursuant to F.R.C.P. 59(e) and 60(b). Farinella v. Ebay, Inc., No. 05-CV-1720, 2011 WL 1239959, at *1 (E.D.N.Y. Mar. 30, 2011) (citing Shearard v. Geithner, No. 09-CV-0963 (JS)(ETB), 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010)). The motion, having been brought twenty (20) days after the final judgment was entered dismissing the petition was filed within the twenty-eight (28) day time-limit prescribed in F.R.C.P. 59(e) as amended in 2009. See FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

"[W]here a post-judgment motion is timely filed and 'calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.'" Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 41 (2d Cir. 1982) (quoting Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978)). Petitioner's post-judgment motion was timely filed under F.R.C.P. 59(e), and a review of his arguments indicate that the motion for reconsideration "clearly call[s] into question the correctness of

the dismissal[,]" Lyell Theatre Corp., 682 F.2d at 41, of his petition. Therefore, the Court shall treat Petitioner's application as a motion to alter the judgment under F.R.C.P. 59(e).

**C.   Standard of Review on a F.R.C.P. 59(e) Motion**

Motions for reconsideration are assessed under a very strict standard. See, e.g., Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (noting the very high burden a movant faces on a reconsideration motion in the context of a resubmitted motion to dismiss, analyzed under the "law of the case" doctrine). Because "[r]econsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources[,]" R.F.M.A.S., Inc. v. So, 640 F. Supp.2d 506, 509 (S.D.N.Y. 2009) (quotation marks and citation omitted), motions for reconsideration are granted only where the moving party is able to point to some controlling decision or other material "that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord, e.g., Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Although a court may grant the motion "to correct a clear error of law or prevent manifest injustice," reconsideration should not be granted where the moving party seeks only to relitigate an issue already decided. Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004).

**D.     Petitioner's Arguments in Support of Reconsideration**

In his habeas petition, Petitioner claimed that the trial court violated his due process right to a fundamentally fair trial and denied him of his Sixth Amendment right to present a defense, as articulated in Chambers v. Mississippi, 410 U.S. 284 (1973). Specifically, Petitioner argued that trial court deprived him of the right to present a defense to the charge of burglarizing the M&G Liquor Store by excluding as hearsay the alleged statement by the store owner, Miguel Lara, to Petitioner to go into the liquor store and "make it look like a burglary." Pre-Trial Hearing Transcript at 16. Petitioner argued that the statement was not offered to prove the truth of the matter asserted therein, but rather to establish Petitioner's "state of mind" by showing that he believed Mr. Lara had given him permission to enter the store to stage a break-in. Respondent argued that the only relevancy of Mr. Lara's statement would have been to support Petitioner's claim that he was asked to go into the store and stage a burglary, and thus was properly characterized as hearsay offered solely for its truth.

This Court applied a de novo standard of review, rather than the deferential standard set forth in 28 U.S.C. § 2254(d)(1), because there was an issue as to whether the state appellate court had adjudicated the claim on the merits. The Court determined that Mr. Lara's statement fundamentally was being offered to prove the

truth of the matter asserted in the statement, and therefore it was hearsay, as defined by New York's well-established evidentiary rules.

In this Court's opinion, Roman's stood in contrast to the situation in <u>Chambers v. Mississippi</u>, 410 U.S. 284, <u>supra</u>, where the trial court "mechanistically" applied a state evidentiary rule to exclude an entire category of out-of-court statements. Here, the judge who presided over Petitioner's trial provided defense counsel with ample opportunity to demonstrate how Mr. Lara's out-of-court-statement satisfied an exception to New York's rules precluding hearsay. Leaving aside whether the trial court properly characterized defense counsel's argument regarding the "state of mind" exception as being the same as his "declaration against penal interest" argument, this Court determined that the final evidentiary ruling was neither arbitrary nor disproportionate to the clearly legitimate purpose it was designed to serve–namely, to ensure that the jury's verdict was based upon reliable evidence.

Petitioner now argues that this Court misinterpreted <u>People v. Reynoso</u>, 73 N.Y.2d 816 (1988), a New York Court of Appeals case precluding a hearsay statement sought to be introduced to prove a defendant's state of mind. <u>See</u> Petitioner's Memorandum of Law in Support of Motion for Reconsideration ("Recon. Mem.") at 1-2 (Dkt #33-1). This Court found <u>Reynoso</u> to be analogous to Petitioner's case and to support the exclusion of Mr. Lara's

statement. Petitioner argues that <u>Reynoso</u> actually is distinguishable from his case and therefore supports his claim. Recon. Mem. at 1-2 (Dkt #33-1). In addition, Petitioner argues, the Court should have found that <u>United States v. Cantu</u>, 876 F.2d 1134 (5th Cir. 1989), compels granting relief in his case. <u>See</u> Recon. Mem. at 2-4 (Dkt #33-1). <u>Cantu</u> was cited by this Court in passing for the quotation that statements are not hearsay where they are "not offered as an assertion of a fact but, rather, as the fact of an assertion." 876 F.2d at 1137.

As an initial matter, the Court notes that Petitioner has not directed its attention to any controlling authority that it overlooked. <u>See</u> <u>Eisemann v. Greene</u>, 204 F.3d 393, at 395 n. 2 (2d Cir. 2000) ("To be entitled to reargument, a party 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'") (quoting <u>Shamis v. Ambassador Factors Corp.</u>, 187 F.R.D. at 151). Rather, a reasonable interpretation of Petitioner's motion is that it repeats arguments that were already fully considered by the Court. In adjudicating the petition, the Court reviewed <u>Reynoso</u> and <u>Cantu</u>. The Court opined that <u>Reynoso</u> supported Respondent's argument that Mr. Lara's statement was hearsay, and that <u>Cantu</u>, a Fifth Circuit case on direct appeal involving an entrapment defense, did not compel the result urged by Petitioner. In a case

where defense of entrapment is asserted,[2] the defendant's state of mind is relevant to his contention that he was induced or encouraged by a police officer or other public servant to commit a crime. See People v. Minor, 69 N.Y.2d 779, 780 (1987) (holding that it was error to preclude as hearsay defendant's testimony with respect to the statements made to him by paid police informer who introduced him to undercover officer; "the statements were admissible to show inducement and defendant's state of mind, which was relevant to his contention that he 'engaged in the proscribed conduct because he was induced or encouraged to do so by . . . a person acting in cooperation with a public servant, seeking to obtain evidence against him for purpose of criminal prosecution'") (quoting N.Y. PENAL LAW § 40.05)).

Petitioner may have subjectively believed he had permission to enter based upon Mr. Lara's statement, but the statement was *only* relevant if it established a past fact forming the basis of Petitioner's prior beliefs–that Mr. Lara had in fact given him permission to enter the store. Allowing such self-serving hearsay to be introduced to defeat a critical element of a crime would

---

[2] Under New York state law, for instance, "it is an affirmative defense that the defendant engaged in the proscribed conduct because he was induced or encouraged to do so by a public servant, or by a person acting in cooperation with a public servant, seeking to obtain evidence against him for purpose of criminal prosecution, and when the methods used to obtain such evidence were such as to create a substantial risk that the offense would be committed by a person not otherwise disposed to commit it . . . ." N.Y. PENAL LAW § 40.05.


interject an unacceptable level of unreliability in the trial process. Roman had a right to present a defense, but he was required to "comply with established rules . . . designed to assure both fairness and reliability in the ascertainment of guilt and innocence." Chambers, 410 U.S. at 302.

It is beyond question that the standard for granting a motion for reconsideration under Rule 59(e) is "strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court." Ruiz v. Commissioner of the Dept. of Transp. of the City of N.Y., 687 F. Supp. 888, 890 (S.D.N.Y.), aff'd, 858 F.2d 898 (2d Cir. 1988). Dismissal of Petitioner's motion is therefore warranted because it repeats arguments that already have been fully considered by this Court. Shrader, 70 F.3d at 257. Petitioner's concern is not that the Court overlooked what it deems controlling caselaw, but rather that it erroneously applied those cases. Such arguments are properly made upon appeal rather than in a motion for reconsideration. Accord, e.g., Morser v. AT&T Info. Sys., 715 F. Supp. 516, 517 (S.D.N.Y. 1989).

**E.  Petitioner's Request for a Certificate of Appealability**

This Court originally denied a COA finding that Petitioner failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2). Petitioner renews his request for a COA, noting that the standard in 28 U.S.C. § 2253(c)(2) is satisfied "by demonstrating that jurists of reason

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 481 (2000)).

Petitioner's request for a COA is denied as moot, in light of the Second Circuit's intervening mandate dismissing Petitioner's appeal because he did not make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c), and because, the Second Circuit found, the evidentiary claim was subject to an unexcused procedural default. See Second Circuit Mandate at 1-2 (citations omitted) (Dkt. #39).

### III. Conclusion

For the reasons set forth above, the Court denies with prejudice Petitioner's motion (Dkt #33) seeking reconsideration of the judgment dismissing his petition. The Court denies as moot the request in Dkt #33 for a Certificate of Appealability. The Court also denies as moot Petitioner's motion for leave to proceed in forma pauperis (Dkt #35).

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____

Honorable Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         August 21, 2012